**DLD-079** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1102
_____

IN RE:  DERRICK J. ELLERBE,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2023

Before: JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 3, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Derrick J. Ellerbe seeks a writ of mandamus, naming "Fox 29 News" as the

respondent and asserting that that entity "must be prohibited from aiding and abetting"

various courts and officials from violating his constitutional rights. Ellerbe's petition does

not reference any other proceedings in any court, but we take judicial notice of his prior

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

cases. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings). Ellerbe is a frequent pro se filer, whose repeated complaints and petitions have been denied as frivolous and who is the subject of filing restrictions in the Eastern District of Pennsylvania. See, e.g., E.D. Pa. Civ. No. 2:22-cv-04839, ECF No. 4 at 1–3 (describing nature of Ellerbe's filing injunctions); see also C.A. No. 21-3003 (denying prior mandamus petition). The limited factual allegations in his instant petition appear to relate to his prior actions, wherein he alleged having been "kidnapped" by police in 2013, but Ellerbe fails entirely to describe the named respondent's involvement.

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be used "only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction,'" id. (quoting Will v. United States, 389 U.S. 90, 95 (1967)), and our "jurisdiction to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000).

Crucially, the purpose of the writ of mandamus is to compel a lower court to perform its duty. See In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citation omitted). "A writ of mandamus . . . constitutes a procedural mechanism through which a

2

court of appeals reviews a carefully circumscribed and discrete category of district court orders." Madden v. Myers, 102 F.3d 74, 76–77 (3d Cir. 1996). Ellerbe does not identify a district court order or action within that "carefully circumscribed and discrete category," or name any judicial officer as a respondent. By listing "Fox 29 News"—apparently a private party not named in any of his other actions—as the lone respondent here, without explaining how issuance of the writ would aid the exercise of our jurisdiction or that of any district court, Ellerbe's petition fails to state any claim for mandamus relief. Accordingly, we will deny it.